# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CARLOS R. WILLIAMS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:10-cv-01069-RDP-HGD |
| ) | |
| **J. C. GILES, WARDEN, and THE** ) | |
| **ATTORNEY GENERAL OF THE** ) | |
| **STATE OF ALABAMA,** ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

On March 13, 2013, the Magistrate Judge's Report and Recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the Magistrate Judge. On March 27, 2013, Petitioner filed objections to the Magistrate Judge's Report and Recommendation.

After careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation and Petitioner's objections thereto, the court hereby **ADOPTS** the Report of the Magistrate Judge. The court further **ACCEPTS** the Recommendations of the Magistrate Judge that the petition for writ of habeas corpus be denied as to Claims (1), (2) and (14) asserted by Petitioner.

The legal issues in this case come down to a credibility dispute between Petitioner and his trial counsel Mike Hanle. The Magistrate Judge had the opportunity to observe their respective testimony and assess their believability.

When *accepting* a Magistrate Judge's credibility findings, as it does here, the Supreme Court has made clear that a district court is not required to rehear witness testimony.[1] *See United States v. Raddatz,* 447 U.S. 667, 675-76, (1980) (holding that district court may adopt the credibility findings of a Magistrate Judge without rehearing the testimony on which a Magistrate Judge based his or her findings and recommendations). Here, the court finds no reason or basis to disturb the Magistrate Judge's credibility findings.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

---

[1] When rejecting a Magistrate Judge's credibility determinations, a district court must rehear the disputed testimony. *Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir.1980). In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981. Of course this rule is subject to a small exception in the "rare case" where "there ... [is] found in the transcript an articulable basis for rejecting the magistrate's original resolution of credibility and that basis ... [is] articulated by the district judge." *United States v. Marshall*, 609 F.2d 152, 155 (5th Cir.1980). Contrary to Petitioner's assertion, this is not the "rare case" discussed in *Marshall*, as the transcript here provides no basis to reject the Magistrate Judge's credibility findings and because here, the court accepts the Magistrate Judge's credibility determinations.

**DONE** and **ORDERED** this    28th    day of March, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE